## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

---------------------------------------------------------------x
MAKER'S MARK DISTILLERY, INC., :
:
        Plaintiff, :
:
        v. :
: Civil Act. No.
DIAGEO NORTH AMERICA, INC., :
:
TEQUILA CUERVO LA ROJENA S.A. DE C.V., :
:
CASA CUERVO, S.A. DE C.V. and :
:
JOSE CUERVO INTERNATIONAL, INC., :
:
        Defendants. :
---------------------------------------------------------------x

## **COMPLAINT**

      The Plaintiff, for its complaint against Defendants, alleges as follows:

### Nature of the Action, Jurisdiction, and Venue

    1.    This is a civil action for trademark infringement and unfair competition arising under the trademark laws of the United States, 15 U.S.C. §1051 et seq. and under the common law of Kentucky.

    2.    This court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In addition, the parties are all citizens of different states or of a foreign state and the amount in controversy

exceeds $75,000, exclusive of interest and costs, and jurisdiction is, therefore, proper also pursuant to U.S.C. § 1332(a), (b) and (c).

3. Defendants conduct business in this judicial district and/or the goods bearing the infringing trademark have been distributed in this state and, therefore, venue is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Maker's Mark Distillery, Inc. ("Maker's Mark") is a Kentucky corporation having its principal place of business at 6200 Dutchman's Lane, Louisville, Kentucky 40205. Pursuant to Local Rule 8.1, Plaintiff states that it is a resident of Jefferson County, Kentucky.

5. On information and belief, Defendant Diageo North America, Inc. formerly known as UDV North America, Inc., which sometimes does business as Productos Finos LTDA ("Diageo") is a Connecticut corporation with an address at 6 Landmark Square, Stamford, CT 06901 and which does business in this judicial district. Diageo has committed the wrongful acts complained of herein within this judicial district and elsewhere. Pursuant to Local Rule 8.1, Plaintiff states that Diageo is not a resident of any county in the judicial district.

6. On information and belief, Defendant Tequila Cuervo la Rojena S.A. de C.V. is a company organized under the laws of Mexico with an address at Periferico Sur No. 8500, El Mante, Tlaquepaque, Jal. 45081, Mexico. Pursuant to Local Rule 8.1, Plaintiff states that Tequila Cuervo la Rojena S.A. de C.V. is not a resident of any county in the judicial district.

7. On information and belief, Defendant Casa Cuervo, S.A. de C.V. is a company organized under the laws of Mexico with an address at Rio Churubusco No. 213, Granjax

Mexico, Iztacalco, Ciudad de Mexico, D.F.  08400, Mexico, and is a subsidiary of Defendant Tequila Cuervo la Rojena S.A. de C.V.  Pursuant to Local Rule 8.1, Plaintiff states that Casa Cuervo, S.A. de C.V. is not a resident of any county in the judicial district.

8. On information and belief, Defendant Jose Cuervo International, Inc. is a corporation organized under the laws of the State of Arizona, with its principal place of business in New York, NY and an address at 230 Park Ave Rm 812, New York, NY  10169-1009, and is a company related to or a subsidiary of Defendant Tequila Cuervo la Rojena S.A. de C.V.. Pursuant to Local Rule 8.1, Plaintiff states that Jose Cuervo International, Inc. is not a resident of any county in the judicial district.

9. On information and belief, Defendants Tequila Cuervo la Rojena S.A. de C.V. and Casa Cuervo, S.A. de C.V. and Jose Cuervo International, Inc. (the "Cuervo Entities") have all committed the wrongful acts complained of herein within this judicial district and elsewhere. On information and belief, the Cuervo Entities market and promote their products in this judicial district, label their products for compliance with the laws of the United States, and have established contractual agreements with Diageo that require Diageo to market and promote the products of the Cuervo Entities within this judicial district and elsewhere.

## FACTS

10.     At least as early as 1958, and long prior to any act of Diageo or the Cuervo Entities complained of herein, Plaintiff (which designation as used herein throughout collectively includes its predecessors-in-interest) adopted and commenced using in the United States as a trademark a red wax-like coating that covers the top of a bottle and which extends down the bottle neck (hereinafter the "Red Wax Mark").  Plaintiff has used the Red Wax Mark for whisky continuously since 1958, and has also used the mark in the United States in connection with a variety of other products.

11.     Plaintiff owns U.S. Trademark Registration Nos. 1,370,465 and 2,690,813, which registrations relate to the Red Wax Mark.  These trademark registrations are valid and subsisting and are in full force and effect.  Furthermore, U.S. Reg. No. 1,370,465 has become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. ' 1065.  True and correct copies of the registrations are appended hereto as Exhibit A.

12.     Plaintiff's extensive use of its Red Wax Mark have given rise to the public's associating it with Plaintiff and/or Plaintiff's MAKER'S MARK® whisky brand, thus making the Red Wax Mark a valuable trademark of Plaintiff which further serves to identify Plaintiff's goods from those offered by others.  A copy of a photograph of Plaintiff's MAKER'S MARK® product, the packaging for which features the Red Wax Mark, is attached hereto as Exhibit B.

13.     For more than fifty years, Plaintiff has extensively advertised and promoted the Red Wax Mark in nationally circulated publications.  Plaintiff has also advertised and promoted the Red Wax Mark through a wide variety of other marketing materials.

14. As a result of the long use and extensive advertising and promotion by Plaintiff of the Red Wax Mark, the Red Wax Mark has become widely recognized and well known throughout the United States, has become associated with Plaintiff and its MAKER'S MARK® brand, and is a means by which Plaintiff and its goods are known to the public and by which the source and origin of goods bearing the Red Wax Mark are identified.  The Red Wax Mark has acquired a tremendous commercial magnetism, and Plaintiff has acquired valuable goodwill and reputation in the Red Wax Mark.  Plaintiff's Red Wax Mark has become so widely recognized that many consumers commonly will buy Plaintiff's products by specifically referring to the Red Wax Mark.

15. As a result of Plaintiff's marketing and the widespread acceptance of and recognition to Plaintiff's product sold in connection therewith, the Red Wax Mark is a strong mark, has acquired distinctiveness, has achieved widespread recognition, and has become famous.

16. On information and belief, Diageo and the Cuervo Entities (herein "Defendants") have marketed in commerce in Kentucky and elsewhere, a competing distilled spirits product under the name JOSE CUERVO RESERVA DE LA FAMILIA in a bottle that bears a red wax-like neck coating that extends down the neck of the bottle ("Reserva Product").  A copy of a photograph of the Diageo-Cuervo Entities' Reserva Product as it exists today is attached hereto as Exhibit C.

17. The red wax-like neck coating that Defendants chose to use to identify their competing distilled spirits product is an imitation of the distinctive Red Wax Mark that Plaintiff uses.  Defendants' actions thus constitute false descriptions and representations that the Reserva

Product is associated with Plaintiff's product, or that the Reserva Product is somehow authorized, endorsed, and/or sponsored by Plaintiff or is connected in some way with Plaintiff or its whisky.

18. Upon information and belief, Defendants' use of a red wax-like neck coating for their Reserva Product that closely resembles the Red Wax Mark was deliberate, intentional, and willful, and was done with full knowledge of Plaintiff's prior (and incontestable) rights in its Red Wax Mark.

19. Upon information and belief, Defendants have advertised, solicited orders for, and sold their Reserva Product in the same channels of trade that Plaintiff uses in marketing its whisky product, and is marketing to the same class of consumers that are likely to purchase Plaintiff's goods.

20. The acts of Defendants are likely to cause confusion or mistake, or to deceive as to the source or sponsorship of the Defendants' Reserva Product.  The acts of Defendants are also likely to cause, and have caused, the diminution and dilution of the distinctiveness of Plaintiff's famous Red Wax Mark, either as a result of "blurring" or "tarnishment."

21. Plaintiff has been damaged by Defendants' use of an imitation of the Red Wax Mark in conjunction with the aforementioned Reserva Product, including by the fact that because of Defendants' use of their counterfeit mark, many purchasers are likely to be induced into buying Defendants' product in the mistaken belief that Defendants' product is sponsored or authorized by or connected in some way with Plaintiff or with Plaintiff's famous MAKER'S MARK® brand whisky.  Plaintiff has also been damaged as a result of the diminution and

dilution of the distinctiveness of Plaintiff's famous Red Wax Mark that has resulted, and is likely to continue to result, from Defendants' unlawful actions.

22. Plaintiff has no legal connection with Defendants and has not authorized, licensed, or otherwise consented to Defendants' use or imitation of the Red Wax Mark.

23. The acts and conduct of Defendants complained of herein have damaged Plaintiff and unless restrained will irreparably injure the value of Plaintiff's Red Wax Mark and the goodwill represented thereby.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

24. This cause of action for trademark infringement arises under 15 U.S.C. § 1114(a) et seq. Plaintiff repeats and realleges paragraphs 1 through 23 of the Complaint.

25. Defendants' use of a red wax-like neck coating on or in connection with its Reserva Product is likely to cause confusion, mistake, or deception as to the origin of Defendants' product and/or mistakenly lead purchasers and potential purchasers to believe that Defendants' product originates from, is affiliated with, or is sponsored by Plaintiff, or that Defendants' product is somehow connected either with MAKER'S MARK® whisky or with the manufacturer or source thereof.

26. The aforesaid acts of Defendants constitute infringement of Plaintiff's aforementioned federally registered trademarks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

27. The aforesaid acts by Defendants have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION, FALSE DESIGNATIONS, FALSE DESCRIPTIONS AND FALSE REPRESENTATIONS

28. This cause of action for unfair competition, false designation of origin, and false description and representation arises under § 43(a) of the Lanham Act, 15 U.S.C. §1125(a). Plaintiff repeats and realleges paragraphs 1 through 27 of the Complaint.

29. The acts of Defendants complained of herein constitute unfair competition, false designations of origin and false descriptions and representations in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. The aforesaid acts by Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT III

### FEDERAL DILUTION

31. This cause of action for dilution arises under the trademark laws of the United States, 15 U.S.C. § 1125(c). Plaintiff repeats and realleges paragraphs 1 through 30 of the Complaint.

32. Plaintiff's Red Wax Mark has been extensively used, advertised, and promoted throughout the United States, including the State of Kentucky, and has come to be recognized as a designation of origin of Plaintiff's goods, including whisky, and as a symbol of the vast goodwill that Plaintiff has established in the eyes of consumers and others, both in itself and its whisky product.

33. The acts of Defendants complained of herein constitute dilution of the distinctive quality of Plaintiff's Wax Mark in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

34. The aforesaid acts of Defendants have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT IV

### COMMON LAW TRADEMARK INFRINGEMENT

35. This cause of action for trademark infringement arises under the common law of Kentucky. Plaintiff repeats and realleges paragraphs 1 through 34 of the Complaint.

36. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Kentucky.

37. The aforesaid acts by Defendants have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT V

### COMMON LAW UNFAIR COMPETITION

38. This cause of action for unfair competition arises under the common law of Kentucky. Plaintiff repeats and realleges paragraphs 1 though 37 of the Complaint.

39. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Kentucky.

40. The aforesaid acts of Defendants have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marker's Mark Distillery, Inc. prays for judgment as follows:

  A. That Defendants, their subsidiaries and related companies, officers, agents, employees, servants, attorneys, successors, and assigns, and all persons in active concert or participation with it and anyone else who receives actual notice or knowledge of this injunction by personal service or otherwise, be preliminarily and permanently enjoined from:

  (1) Infringing Plaintiff's U.S. Trademark Registration Nos. 1,370,465; and 2,690,813, and

  (2) Exploiting, distributing, selling, offering for sale, promoting or advertising any product, including any on-line advertising, which makes use of the trademark depicted in Complaint Exhibit A or any other trademarks or trade dress likely to cause confusion with or likely to dilute the Red Wax Mark; from further unlawfully trading upon and misappropriating the goodwill and reputation of Plaintiff and competing unfairly with Plaintiff and from inducing, encouraging, aiding, abetting or contributing to any of the aforesaid acts.

  B. That a copy of any order issued from this action be served upon any agent, subsidiary, parent, agent or servant of Defendants, involved in the design, manufacture, bottling, import, distribution or advertising of the product.

  C. That Defendants file with the Court and serve on Plaintiff in accordance with 15 U.S.C. § 1116, within thirty (30) days after service on Defendants of such injunction (or such extended period as the Court may direct), a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

  D. That, in accordance with 15 U.S.C. § 1118, all brochures, stationery, merchandise, labels, signs, prints, packages, bottles, package wrappers, photographs and negatives, cards, publications, books, advertisements, and the like in Defendants' possession, custody or control, and all plates, molds, matrices, dies, and other means of making the same,

which might, if used, violate the injunction herein granted, be delivered up and destroyed as the Court shall direct.

   E. That Plaintiff recover from Defendants the amount of damages sustained by Plaintiff as found by the Court, in consequence of Defendants' unlawful acts, together with appropriate interest on such damages, and that, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, such damages be trebled.

   F. That Defendants be ordered to account for and pay over to Plaintiff all the gains, profits, savings and advantages realized by Defendants from their acts of trademark infringement, use of a false designation of origin or false description or representation and unfair competition.

   G. That Plaintiff recovers from Defendants exemplary damages by reason of their wanton and willful acts of common law unfair competition and trademark infringement.

   H. That Plaintiff be awarded its costs and disbursements of this civil action, together with reasonable attorneys' fees.

   I. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Dated: September 10, 2009   s/R. Gregg Hovious
              R. Gregg Hovious
              John David Dyche
              TACHAU MADDOX HOVIOUS & DICKENS PLC
              2700 National City Tower
              101 S. Fifth Street
              Louisville, Kentucky  40202
              (502) 558-2000
              (502) 588-2020 (Fax)

              Attorneys for Plaintiff
              Maker's Mark Distillery, Inc.